Robb EVANS, as Receiver for TLC
INVESTMENTS & TRADE CO.;
et al., Plaintiff—Appellees,

v.

ESN INSURANCE SERVICES NET-
WORK INC., a California corpo-
ration; et al., Defendants,

and

Robert M. CLARK, Defendant—
Appellant.

No. 03–56600.

D.C. No. CV–01–00707–DOC.

United States Court of Appeals,
Ninth Circuit.

Submitted March 23, 2005.*

Decided April 11, 2005.

Gary O. Caris, Frandzel, Robins, Bloom
& Csato, Los Angeles, CA, for Plaintiffs–
Appellees.

Jonathan Schwartz, Jonathan Schwartz
Law Offices, Marina Del Rey, CA, Craig J.
Stein, Gelfand & Stein, Los Angeles, CA,
for Defendants.

Robert M. Clark, Villa Park, CA, pro se.

Before B. FLETCHER, TROTT, and
SILVERMAN, Circuit Judges.

## MEMORANDUM**

Robert M. Clark appeals pro se the
district court's August 18, 2003 order as-
signing 100% of Clark's commissions from
certain insurance companies to judgment
creditor Robb Evans, as Receiver for TLC
Investments and Trade Co. and various
affiliates (the "Receiver"), until the Octo-
ber 17, 2002 judgment, in the amount of
$272,092.00, is satisfied (the "Assignment
Order"). We have jurisdiction pursuant to
28 U.S.C. § 1291. We review the district
court's legal conclusions de novo and its
factual findings for clear error. *Stevedor-
ing Serv. of Am. v. Ancora Transp., N.V.,*
59 F.3d 879, 883 (9th Cir.1995). We vacate
and remand.

15 U.S.C. § 1673(a)(1) provides that
creditors may only garnish up to 25% of an
individual's weekly disposable earnings.
*See In the Matter of Brissette,* 561 F.2d
779, 784 & n. 6 (9th Cir.1977). Section
1673(c) states that "[n]o court . . . may
make, execute, or enforce any order . . . in
violation" of this provision. It appears

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and may not be cited to or by the
courts of this circuit except as provided by
Ninth Circuit Rule 36–3.

that Clark's commissions constitute his sole source of income. Accordingly, the district court erred by assigning 100% of Clark's commissions in the Assignment Order. The district court recognized this error in its subsequent order modifying the Assignment Order pending appeal, but believed it did not have jurisdiction to alter the Assignment Order permanently because Clark had already filed a notice of appeal.

We vacate the district court's Assignment Order, and we remand for entry of an order assigning 25% of Clark's weekly disposable earnings to the Receiver until the October 17, 2002 judgment is satisfied.

Clark's contentions regarding California Code of Civil Procedure § 708.510(c)(1) lack merit.

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**